IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AHMED MOHAMED SAID,<br><br>              Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services;<br><br>              Respondent. | 8:25CV260<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Ahmed Mohamed Said's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254.[1] The Court now conducts a preliminary review of Petitioner's Amended Petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. In conducting this review, the Court has also considered the documents attached to the Petition. Filing No. 1 at 34-74.

Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner's trial counsel was ineffective for failing to move to suppress Petitioner's statements as involuntary and coerced.

Claim Two: Petitioner's trial counsel was ineffective for failing to move to suppress evidence derived from Petitioner's involuntary statement, including evidence from a search warrant for Petitioner's cell phone.

---

[1] Also before the Court is Petitioner's "Motion for Speedy Relief from Unlawful Custody" which the Court construes as a motion for status. Filing No. 7. To the extent Petitioner seeks to know the status of his Petition, the Motion is granted with this Memorandum and Order. The Motion is otherwise denied.

Claim Three: Petitioner's trial counsel was ineffective for preventing Petitioner from effectively raising a defense that the victim's injuries were self-inflicted.

Claim Four: Petitioner's trial counsel was ineffective for failing to file a motion in limine to exclude surveillance video that was irrelevant and prejudicial to Petitioner.

Claim Five: Petitioner's trial counsel was ineffective for failing to challenge the probable cause supporting the search warrant for Petitioner's cell phone.

Claim Six: Petitioner was denied the right to a fair trial because his conviction was unsupported by the evidence in the record.

Claim Seven: The trial court erroneously admitted Petitioner's statements in violation of the Fifth and Fourteenth Amendments.

Claim Eight: Petitioner was denied the right to a fair trial because the trial court erroneously admitted evidence about the number of "minor contributors" of DNA found on the victim's clothing.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, based on the allegations in the Petition and the attached documents, the Petition appears to be barred by the statute of limitations contained in 28 U.S.C. § 2244(d) because the Petition was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1).

As set forth in the petition, in November 2017, Petitioner was charged with second-degree murder and use of a deadly weapon to commit a felony, in violation of Nebraska

law. Filing No. 1 at 60. A jury convicted Petitioner of all charges and the Nebraska Supreme Court affirmed the conviction on July 2, 2020. Filing No. 1 at 35; *see also State v. Said*, 945 N.W.2d 152, 178 (Neb. 2020). According to Petitioner's state court records, available to this Court online, the state district court entered judgment on the Nebraska Supreme Court's mandate on September 22, 2020.[2]

Petitioner filed a motion for postconviction relief in the state district court on July 14, 2021. Filing No. 1 at 59; *see also State v. Said*, No. A-21-745, 2022 WL 6585496, at *3 (Neb. Ct. App. Oct. 11, 2022). The state district court denied the motion without a hearing, and the Nebraska Court of Appeals affirmed the decision of the district court. *See* Filing No. 1 at 64, 73; *see also Said*, 2022 WL 6585496, at *6. According to Petitioner's state court records, Petitioner sought further review with the Nebraska Supreme Court on January 3, 2023, which was summarily denied on January 30, 2023.[3] The state district court entered judgment on the Supreme Court's mandate on February 14, 2023. Petitioner did not file his federal habeas petition until over two years later, on April 8, 2025. Filing No. 1.

In sum, it appears from the face of the Petition and the state court records that Petitioner's claims may be barred by the statute of limitations because the Petition was

---

[2] This Court has access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Ahmed M. Said*, CR17-742, District Court of Hall County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. A copy of the JUSTICE record for Case No. CR17-742 is attached to this Memorandum and Order.

[3] See attached Execution of Mandate for *State v. Ahmed M. Said*, CR17-742, District Court of Hall County, Nebraska; and Docket Sheet in *State v. Ahmed M. Said*, A 21-5745, Nebraska Court of Appeals, available at https://www.nebraska.gov/justice/case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, to ensure a just and fair resolution of this matter and to allow the parties to further develop the factual record relating to the statute of limitations, the Court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the amended habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **February 25, 2026**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 25, 2026**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served

4

on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer,**

**a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

   A. By **February 25, 2026**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with

     a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

 D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

 E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

 F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **March 30, 2026**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's "Motion for Speedy Relief from Unlawful Custody," Filing No. 7, which the Court construes as a motion for status, is granted to the extent Petitioner seeks to know the status of his Petition. The Motion is otherwise denied.

7

Dated this 8th day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge